# In the United States Court of Federal Claims

No. 13-861C

(Filed: December 9, 2016)

```
*************************************
                                    *
ZAFER TAAHHUT INSAAT VE             *
TICARET, A.S.,                      *
                                    *
                  Plaintiff,        *   Rule 12(b)(1) Motion to Dismiss;
                                    *   Contract Disputes Act; Request for
v.                                  *   Contracting    Officer's    Final
                                    *   Decision.
THE UNITED STATES,                  *
                                    *
                  Defendant.        *
                                    *
*************************************
```

*Sam Z. Gdanski*, Gdanski & Gdanski LLP, Teaneck, New Jersey, for Plaintiff.

*Agatha Koprowski* and *Scott MacGriff*, Trial Attorneys, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Deborah A. Bynum*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., and *James D. Stephens*, Assistant District Counsel, Middle East District, U.S. Army Corps of Engineers, Of Counsel, for Defendant.

<u>OPINION AND ORDER</u>
<u>ON DEFENDANT'S MOTION TO DISMISS</u>

WHEELER, Judge.

Plaintiff Zafer Taahhut Insaat ve Ticaret, A.S. ("Zafer") brought this action against the Government to recover unanticipated costs it incurred while performing under a construction contract in Kabul, Afghanistan. The Government has moved to dismiss Zafer's complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Court of Federal Claims ("RCFC"), or, in the alternative, for summary judgment under RCFC 56. The Government claims that this Court lacks subject matter jurisdiction because Zafer failed to request a contracting officer's final decision on its claim. The Court agrees, and the Government's motion to dismiss is GRANTED.

Background

Zafer is a construction contractor located in Ankara, Turkey.  Compl. ¶ 1, Dkt. No. 1.  The Government awarded Zafer Contract No. W912ER-09-C-0025, under which Zafer was required to design and build facilities for a U.S. military compound in Kabul, Afghanistan.  Id.  The parties modified the contract in 2011 to add certain power and mechanical requirements.  Id. ¶¶ 9–11.  The modification required Zafer to ship materials into Afghanistan, so Zafer first shipped the materials from the United States to Karachi, Pakistan.  Id. ¶ 12.  After the materials arrived in Pakistan, the Pakistani government shut the Pakistan/Afghanistan border for all shipments.  Id.

Zafer incurred additional expenses because of the border closure.  The Government still required Zafer to provide materials according to the contract schedule, so Zafer re-procured some of the materials and air-shipped them to Afghanistan in order to comply. Id. ¶¶ 13; 29.  To recoup some of these and other unexpected costs, Zafer submitted a Request for Equitable Adjustment ("REA") in which it requested $249,673.66.  Id. ¶ 29; App'x to Def. Mot. to Dismiss at A41–45, Dkt. No. 24-1.  In its REA, which it addressed to an administrator in the U.S. Army Corps of Engineers' contracting office, Zafer certified its request and added, "We kindly request you to review and evaluate the matter at your earliest convenience."  App'x to Def. Mot. to Dismiss at A45.  The Government has refused to pay the requested equitable adjustment.  Compl. ¶ 52.

Zafer brought this action on October 31, 2013, alleging mainly that the Government breached its contract with Zafer by not paying Zafer's request for equitable adjustment. The Government has moved to dismiss, arguing that this Court lacks subject matter jurisdiction over this case because Zafer did not request a contracting officer's final decision on its claim.

Discussion

A.     Standard of Review

When a defendant moves to dismiss a complaint under RCFC 12(b)(1), the Court must "assume all factual allegations to be true and . . . draw all reasonable inferences in plaintiff's favor."  Wurst v. United States, 111 Fed. Cl. 683, 685 (2013) (quoting Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)).  However, when the defendant challenges the Court's jurisdiction, the plaintiff must support its jurisdictional allegations with "competent proof."  McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936).  Accordingly, a plaintiff must establish that jurisdiction exists "by a preponderance of the evidence."  Wurst, 111 Fed. Cl. at 685 (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).

2

B.     The Court Lacks Subject Matter Jurisdiction Because Zafer Did Not Request a Contracting Officer's Final Decision.

Zafer alleges that this Court has jurisdiction solely under the Tucker Act, 28 U.S.C. § 1491(a)(1).  See Compl. ¶ 4.  The Tucker Act gives this Court subject matter jurisdiction to hear claims against the Government "founded . . . upon any express or implied contract with the United States."  Still, a plaintiff must allege that a separate source of substantive law apart from the Tucker Act gives it the right to money damages.  Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).  Zafer does not specifically allege another source of law for jurisdiction in its complaint, but the surrounding circumstances make clear that its claims are predicated on the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 7101 et seq.

Under the CDA, the Court only has subject matter jurisdiction over a contract action against the Government if the action is filed within twelve months after receipt of a contracting officer's final decision on the claim.  See 41 U.S.C. § 7104(b)(3); M. Maropakis Carpentry, Inc. v. United States, 609 F.3d 1323, 1327 (Fed. Cir. 2010).  Therefore, both a contractor's claim and the contracting officer's final decision on that claim are jurisdictional requirements.  Maropakis Carpentry, 609 F.3d at 1327.  Logically, there can be no contracting officer's final decision on a claim if the contractor has not requested such a decision from the contracting officer.  Id. (citing James M. Ellett Constr. Co. v. United States, 93 F.3d 1537, 1543 (Fed. Cir. 1996)).  A request for a contracting officer's final decision need not be explicitly labeled as such.  For example, an REA under certain circumstances can be construed as a request for a contracting officer's final decision.  See Reflectone, Inc. v. Dalton, 60 F.3d 1572, 1578 (Fed. Cir. 1995).  However, a request for a contracting officer's final decision must, at minimum, be "a written demand that includes (1) adequate notice of the basis and amount of a claim and (2) a request for a final decision."  Maropakis Carpentry, 609 F.3d at 1328.  The request must be "clear and unequivocal."  Id.

Here, though Zafer has included the amount of its claim in its REA, the REA cannot be construed as a request for a contracting officer's final decision.  Zafer addressed the REA to an administrator in the U.S. Army Corps of Engineers' contracting office, rather than the contracting officer.  Further, the REA merely asks the addressee to "review and evaluate the matter at your earliest convenience."  This equivocal language was not enough to put the contracting officer on notice that Zafer was requesting a formal decision on a claim under the CDA.  Therefore, Zafer did not request a contracting officer's final decision, and this Court has no subject matter jurisdiction over its CDA claim.

<u>Conclusion</u>

This Court has no subject matter jurisdiction over this case, and the Government's motion to dismiss is GRANTED.  The Clerk is directed to dismiss this case without prejudice.

IT IS SO ORDERED.

<u>s/Thomas C. Wheeler</u>
THOMAS C. WHEELER
Judge